UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| TERRY L. HUDGINS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 2:15-cv-00011-LJM-MJD |
| ) | |
| WABASH VALLEY CORRECTIONAL ) | |
| FACILITY, Superintendent, ) | |
| ) | |
| Respondent. ) | |

**Entry Denying Petition for Writ of Habeas Corpus**

The petition of Terry L. Hudgins for a writ of habeas corpus challenges a prison disciplinary proceeding in ISF 13-12-0286 in which he was found guilty of assault/battery on staff. For the reasons explained in this entry, Mr. Hudgins' habeas petition must be **denied**.

**I. Overview**

Prisoners in Indiana custody may not be deprived of credit time, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson*, 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie*

1

*v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

## II. The Disciplinary Proceeding

On December 11, 2013, Correctional Officer Young issued a Report of Conduct charging Mr. Hudgins with battery inflicting serious injury in violation of Code A102. The Report of Conduct states:

> On 12/11/13 at approx.. 2105 pm I, c/o J. Young #265, ordered Offender Terry Hudgins DOC # 222359 to get out of the microwave because it was count. Offender Hudgins refused my order so I walked over there to confront him and he got confr[o]ntational. Offender Hudgins then started swinging at my face making contact at least once or twice. Offender Hudgins was the[n] able to grab ahold on me and slam me to the floor making me hit my head and splitting it open. At this time QRT responded to the Sig. 10 and Hudgins was put into custody and started resisting and head butting. At this time I O.C.d Hudgins with a one second burst of pepper spray.

Dkt. 18-1.

Mr. Hudgins was notified of the charge on December 17, 2013, when he was served with the Report of Conduct and the Notice of Disciplinary Hearing (Screening Report). The Screening Officer noted that Mr. Hudgins wanted to call three witnesses and that he requested the video.

The Hearing Officer conducted a disciplinary hearing on December 19, 2013. The Hearing Officer found Mr. Hudgins guilty of battery in violation of Code A102. Mr. Hudgins filed an appeal to the Facility Head on December 23, 2013, who denied the appeal on January 17, 2014. Mr. Hudgins appealed to the Final Reviewing Authority. The appeal was granted on June 13, 2014, and a rehearing was ordered for purposes of rescreening Mr. Hudgins and ensuring that all evidence was provided and considered.

Mr. Hudgins was rescreened on the charge on June 19, 2014, at which time Mr. Hudgins indicated that he did not want to call any witnesses but that he requested the Internal Affairs ("IA") investigation and the video. The Hearing Officer reviewed the IA investigation outside of the presence of Mr. Hudgins and summarized it as follows:

> The Disciplinary Hearing Officer has determined that allowing the offender to view the IA Report of Investigation requested would in fact jeopardize the security of the facility as listed in Executive Directive #00-27, Page 2, paragraph 1. Instead, the report has been reviewed outside the presence of the offender and the summary of the viewing is provided below.
>
> Summary:
>
> As relates to the charge in this case, Putnamville Correctional Facility IA Case #13-ISF-0094 found that on 12/11/13 offender Hudgins was ordered by staff to go to his bunk. A verbal and then physical altercation occurred between offender Hudgins, Terry #222359 and staff. The offender chest bumped officer Young.

Dkt. 18-14.

The Hearing Officer also provided a summary of the video:

> The Disciplinary Hearing Body has determined that allowing the offender to view the video evidence requested would in fact jeopardize the security of the facility as listed in Executive Directive #00-27, Page 2, paragraph 1. Instead, the video has been reviewed outside the presence of the offender and the summary of the viewing is provided below.
>
> Summary:
>
> After reviewing the video of ISF 12 North B-side day room for the above date and time, the following was witnessed.
>
> 21:03:16 (time on video) Offender Hudgins, Terry #222359 is standing in front of the microwave.
> 21:03:34 Officer Young approaches offender Hudgins. Offender Hudgins walks past Officer Young and goes towards a second officer (Burgess).

> 21:03:41 Officer Young approaches offender Hudgins from behind.
> 21:03:42 Offender Hudgins turns around. He bumps chests with officer Young.
> 21:03:47 A physical altercation occurs between officer Young and offender Hudgins.
> 21:03:51 Officer Burgess steps in to assist Officer Young.
> 21:04:52 Other staff begin to arrive on the scene to assist.
> 21:05:51 Staff have offender Hudgins restrained and are escorting him from the door. Offender Young [sic] is resisting staff.

Dkt. 18-15.

The disciplinary hearing took place on July 21, 2014, at which time Mr. Hudgins stated, "[i]f we bumped chests the c/o would have wrote it in his report. I have over 30 statements saying [] he used excessive force- The Capt used excessive force. I never [r]esisted." Dkt. 18-16.

In finding Mr. Hudgins guilty of battery in violation of Code A102, the Hearing Officer considered the staff reports, Mr. Hudgins' statement, the IA summary and investigation report, the video summary, photos, and the physical force report. The sanctions imposed included a written reprimand, one year of disciplinary segregation, the deprivation of 90 days of earned credit time, and a demotion from credit class I to credit class II. The Hearing Officer imposed the sanctions because of the seriousness of the offense and the likelihood of sanctions having a corrective effect on the offender's future behavior. *Id.*

Mr. Hudgins' appeals were denied. He filed his petition for writ of habeas corpus on January 16, 2015.

### III.  Analysis

Mr. Hudgins alleges that his due process rights were violated during the disciplinary proceeding. His claims are: 1) his request for the surveillance video tape was not fully detailed by the hearing officer; and 2) the evidence does not support the charge of a class A Code 102 assault with a weapon.

Mr. Hudgins first argues that if the hearing officer had sufficiently described the video evidence, she would have noted that Officer Young confronted him with the intention of starting a physical altercation and that Mr. Hudgins never resisted. In this case, it was proper for the hearing officer to provide a video summary in light of the determination that allowing the offender to view the video would jeopardize prison safety. *See Jones v. Cross,* 637 F.3d 841, 848-49 (7th Cir. 2011) (an inmate is not entitled to disclosure of an exculpatory surveillance video if allowing the inmate to see the tape would create a security risk). The summary of the video was detailed and described the conduct of Mr. Hudgins and the officers who were involved. The video evidence demonstrated that Mr. Hudgins bumped chests with Officer Young which was followed by a physical altercation between the two men. Even assuming Officer Young confronted Mr. Hudgins, that would not be inconsistent with the finding that Mr. Hudgins also battered the officer.

For his second claim, Mr. Hudgins asserts that the evidence does not support a Code A battery with a weapon. Mr. Hudgins is mistaken as to the offense of which he was convicted. Mr. Hudgins was not found guilty of a battery with a weapon. He was charged and found guilty of a Code A102, battery inflicting serious bodily injury. The Disciplinary Code for Adult Offenders Policy 02–04–101 Appendix defines a Class A offense

Assault/Battery (102) as: "[c]ommitting battery/assault upon another person with a weapon (including the throwing of body fluids or waste on another person) *or* inflicting serious bodily injury." (emphasis added). The confidential report of investigation discloses that after the fight with Mr. Hudgins, Officer Young was taken to an outside hospital for treatment.

The "some evidence" evidentiary standard in this type of case is much more lenient than "beyond a reasonable doubt" or even "by a preponderance." *See Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002) (hearing officer in prison disciplinary case "need not show culpability beyond a reasonable doubt or credit exculpatory evidence."). The "some evidence" standard requires "only that the decision not be arbitrary or without support in the record." *McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999). The conduct report, summary of video, confidential investigation, and photographs constitute sufficient evidence to support the charge and conviction.

Mr. Hudgins was given notice and had an opportunity to defend the charge. The hearing officer provided a written statement of the reasons for the finding of guilt and described the evidence that was considered. There was sufficient evidence in the record to support the decision. Under these circumstances, there were no violations of Mr. Hudgins' due process rights.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceedings.

Accordingly, Mr. Hudgins' petition for a writ of habeas corpus must be **denied** and the action dismissed. Judgment consistent with this Entry shall now issue.

  **IT IS SO ORDERED.**

Date: February 10, 2016

LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically registered counsel

TERRY L. HUDGINS
#222359
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only